### ALICE M. SCOTT v. FRANCIS PALMS.

*Tenants in common—Injunction against alteration of building*

A widow had a dower interest in the west half of a brick building consisting of four stories and a basement, and standing in a wholesaling neighborhood. The owner of the east half also owned the reversion of her portion. There was no communication between the two parts below the second story, and there was only one set of staircases, which was on the east side. The owner of the east half proposed to take out the stairway and completely close all communication between the two halves of the building. The widow sought a

perpetual injunction against these changes on the ground that she had an easement in the stairway appurtenant to her life estate. *Held* that the injunction would not lie. The changes tended to increase the value of the building; the stairway was not a way of necessity. nor was it shown to be intended as a permanent appurtenance to the life estate, and its removal would benefit defendant more than it would injure complainant.

A tenant for life is left to make the property available to his profit at his own expense.

Appeal from the Superior Court of Detroit. Submitted April 6. Decided June 14.

INJUNCTION bill. Defendant appeals. Reversed: bill dismissed.

*D. C. Holbrook*, for complainant, cited *Thompson v. Miner* 30 Ia. 386; *Morrison v. King* 62 Ill. 30 ; *Atlanta Mills v. Mason* 120 Mass. 244.

*Meddaugh, Driggs & Harmon* for defendant. A tenant in common has no easement, necessarily implied, in a staircase upon the part occupied by the co-tenant, unless it is necessary to his use. *Lampman v. Milks* 21 N. Y. 506 ; *Valley Falls Co. v. Dolan* 9 R. I. 489 ; *Providence Tool Co. v. Corliss Steam Engine Co.* id. 564 ; *Scott v. Beutel* 23 Grat. 1 ; *Buss v. Dyer* 125 Mass. 287 ; *Randall v. McLaughlin* 10 Allen 366 ; *Johnson v. Jordan* 2 Met. 234 ; *Warren v. Blake* 54 Me. 276 ; Washburn on Easements 88.

COOLEY, J. This is an injunction bill. The complainant was widow of James J. Campau, and has had assigned to her as her dower the westerly half of the brick building known as Masonic Hall on Jefferson avenue in the city of Detroit. The defendant by purchase has become owner of the easterly half of the same building, and also of the westerly half subject to complainant's life estate.

Masonic Hall was erected by the Masonic order in the year 1851 on ground of which a thirty years' lease was taken, and on terms which affixed the building to the inher-

itance. The structure is about thirty-eight feet front by eighty feet in depth. The basement is divided into two equal parts by a permanent wall extending from front to rear. The first floor is divided into two stores by a permanent and substantial brick wall built above the basement-division wall. A narrow stairway built within the east store on its easterly side leads from the street to the second floor. The second floor is divided by a permanent brick wall into two equal parts. The easterly half has an area in the center, with a small room in front and a small room in the rear. The westerly half is divided by a cross-partition into two large rooms, into which doors open from the area in the easterly part. Should these doors be closed up, the separation between the easterly and westerly halves of the building on the second floor would be complete. A stairway of the same width and on a line with the stairway just mentioned leads from the second floor to the third. The third and fourth stories of the building were constructed for occupation by Masonic bodies, and are divided into lodge-rooms, waiting-rooms, etc. The rooms on the second floor were designed for rent as offices.

The lease under which the building was constructed expired May 1, 1881, and complainant and defendant came into possession of the westerly and easterly halves respectively. Complainant's access to the upper stories of the building was by the stairway through the easterly store and the area over it. The part of the town in which the building is situated has of late been given up almost exclusively to wholesale business, and offices are not in as good demand as formerly. As now constructed, the third and fourth stories of the building have ceased to be in demand also.

The stairway taken out of the easterly store seriously diminishes the size, renders it somewhat inconvenient in form and of less value to rent. Defendant proposes to remove it; to close up the opening between the east and west halves of the building in the second story; to carry up the wall now dividing the lower stories to divide the third and fourth stories also, so that the two halves of the build-

ing will be wholly separated, and then to make for the easterly store the customary inside stairways to be used for that store alone. Complainant by this bill seeks to enjoin the tearing out of the existing stairway, claiming that she has therein an easement appurtenant to her life estate. In the Superior Court this claim was sustained and a perpetual injunction awarded.

The evidence shows beyond question, as we think, that the best interests of the parties concerned require the proposed changes to be made. The building has ceased to be in demand for the purposes for which it was erected, or for any other purposes which would not be better accommodated by interior changes. The principal demand in that part of the city is for stores, and one half of the building would be likely to be desired by any one proposing to put merchandise into it. A common stairway of the kind now in existence would be more detriment to one party than advantage to the other, and the desire to remove it is therefore perfectly reasonable if the law will suffer it to be done.

It is to be observed of complainant's dower that nothing was set off to her but the westerly half of the building. The stairway, or any common use of the stairway, was not in terms assigned, and if she has any right to make use of it, the right must spring from the fact that the stairway was the way of access to the upper stories of her half of the building when the dower was set off. She must claim the use as an easement, either as appurtenant to her freehold because in use with it when her right accrued, and by implication included in the assignment; or as a way of necessity.

It certainly cannot be claimed that the existing stairway is a way of necessity. It is scarcely a way of convenience; for one going up in the westerly store for the occupation of the rooms above it would be at least equally convenient and probably more so. It is not likely that complainant could rent her store to the best advantage to a tenant wanting the upper stories without providing or permitting them to provide some more direct access to the upper rooms from the

first floor. Necessity for the use of the stairway cannot therefore support the bill.

If the assignment of the dower carried with it the use of the stairway as an appurtenance, it must be upon the ground that a reasonable construction of the assignment, operating as a conveyance, would have that effect. And if complainant has an easement in the stairway, she has a freehold in it, and any improvement by defendant must be subject to its preservation. And if the easement would be appurtenant to a life estate, it would be equally appurtenant to the fee, if the fee in the west store were conveyed.

Suppose then that the west store had been conveyed without mention of the existing stairway; would it be a reasonable construction of the grant that because the stairway was then in use as a means of access to the upper stories, a perpetual easement in it passed to the grantee, which would preclude the grantor removing it, or making changes or improvements in his store which would interfere therewith? We think not.

The building, as already stated, was constructed by a tenant, for a use that has ceased. Changes have not only become necessary, but they may well be assumed to have been within the contemplation of the landlord when the building was erected. We discover nothing in the case which indicates that the stairway was intended to be permanent after the use of the upper stories of both stores should cease to be by one and the same tenant. Distinct occupations would require distinct methods of access; and this state of things must have been contemplated as probable at some time. If so, the stairway as then constructed must have been understood as subject to change. Its temporary use in connection with the west store would no more give permanent rights than the temporary use of a way of access to the rear of that store across the rear of the east half of the lot, if such a use had existed. Permanent easements cannot be established on such slight foundations.

It is urged on behalf of complainant that it would be unreasonable to require the tenant for life to build the new

staircase in order to have access to the upper stories of her building, and that the expense ought to fall upon the owner of the inheritance. We think not. The general rule is that the tenant for life must make the property available to his profit at his own expense. In this case there is no hardship in that rule. Complainant's estate is variously estimated in the case at from $4000 to $10,000, and the cost of the necessary stairways cannot be very great. We do not think she has a right to burden defendant's possession in the way proposed, to save to herself this cost.

The decree must be reversed and the bill dismissed with costs.

GRAVES, C. J. and CAMPBELL, J. concurred.