### ELIAS M. STILLWELL *vs.* JOHN B. FOSTER.

### Penobscot. Opinion March 31, 1888.

*Easement. Way of necessity. Adverse user.*

An owner of a building containing two stores, with partition wall between them, and with stairs on one side leading to second floor and a door through the partition wall on second floor at the head of the stairs, sold the store which had no stairs, and in the conveyance made the centre line of the partition wall the dividing line. *Held* that the conveyance did not carry with it a right of way of necessity over the flight of stairs.

There can be no title from adverse user when the tenant's occupation had been interrupted within twenty years.

ON report.

An action on the case for interruption of an easement or right of way over a stairway in the defendant's store, by blocking up a doorway at the head of the stairs with bricks and mortar, thereby preventing access by said stairs to a front room on the second floor of the plaintiff's store adjoining.

Other facts stated in the opinion.

*Barker, Vose and Barker,* for plaintiff.

Plaintiff's first claim is that the stairway, or rather the right to use it, was impliedly granted by Harlow, who owned both estates, when he deeded this with no other way of approaching it or of making use of it from the street, except over this stairway and continued to allow such use after his conveyance during his entire ownership, and that such right has come down to him through the various conveyances as one of the appurtenances of said estate, and he bases his claim upon the well known maxim, "*Cuicunque aliquis quid concedit concedere videtur et id sine quo res ipsa esse non potuit.*" Broom's Legal Maxims, *463.

And again *465, it is laid down "that when anything is granted, all the means to attain it, and all the fruits and effects of it, are

granted also, and shall pass inclusive, together with the thing by the grant of the thing itself, without the words *cum certinentiis*, or any such like words."

Lord MANSFIELD, 3 Taunton, 24, says: "That is a necessary way without which the most convenient and reasonable mode of enjoying the premises could not be had."

That is perhaps a little broad, and the rule adopted in Massachusetts may be better. " A way of necessity must be one of more than mere convenience, for if the owner of the land can use another way, he cannot claim a right by implication, to pass over the land of another to reach his own, but it would be enough if it would require an unreasonable amount of labor and expense to render the possible way convenient, that is, labor and expense which would be excessive and disproportionate to the value of the land to be accommodated." *Pettingill* v. *Porter*, 8 Allen, 1.

Washburne on Real Estate, Vol. 2, p. 288, 3rd Ed. § 16, lays down the following rule : " It is stated as a general position that if there be a severance of a heritage into two or more parts, in respect to which there had been continuous and apparent easements used by the owner, such an easement would pass by implication with the dominant estate, although technically it could not have been enjoyed as an easement by the owner of the entire estate." See also *Kieffer* v. *Imhoff*, 26 Penn. St. 438.

So where the owner of a mill, the raceway from which was an artificial trench running along the bank of a natural stream, sold the mill and the land on which it stood, by metes and bounds not including the land through which said raceway had been excavated, it was held, that the right to make use of this passed, by implication, by the deed of the land on which the mill was standing. *New Ipswich Factory* v. *Batchelder*, 3 N. H. 190.

The only limitation perhaps, which should be added, in order to apply this doctrine, is that what is claimed as an easement must be reasonably necessary to the enjoyment of that, to which it is sought to make it appendant. Washb. on Real Estate, Vol. 2, p. 291.

Where the owner of two tenements sells one of them, or the

owner of an entire estate sells a·portion, the purchaser takes the tenement or portion sold, with all the benefits and burdens which appear, at the time of the sale, to belong to it, as between it and the property which the vendor retains. *Lampman* v. *Milks*, 21 N. Y. 505; *Dunklee* v. *Wilton R. R. Co.* 4 Foster, N. H. 489; *Seymour* v. *Lewis*, 13 N. J. 439.

The case of *Morrison* v. *King*, 62 Ill. 30, discusses and affirms 3 N. H. 190, before cited, and is the strongest case in favor of the plaintiff, we have been able to find. ·

If conveniences provided for the portion conveyed by the common owner were continuous and apparent, and necessary to the reasonable enjoyment of it, in cases where a portion is set out as dower, they will be presumed to have been taken into consideration by the commissioners and regarded as a charge upon the other portion, in favor of that allotted, and as passing with the estate by operation of law. 15 Ill. 581; 2 Beasely, 439; 1 Sumner, 492; 4 Duer, 53; 6 Duer, 17; 5 Duer, 533; 5 Harris & J. 82; 12 Gratt. 322; 5 Mason, 195; 18 N. Y. 48; 21 N. Y. 505; 8 Penn. 383; 47 Penn. St. 239; 48 Penn. St. 978; 5 Sarg. & Rawle, 107; 1 Coms. 104; 40 Eng. L. & Eq. 413; Coke, Litt. 121 b.

As settling the question, that rights like the one claimed by this plaintiff pass as an incident to the land, see Kent's Com. Vol. 3, p. 419, also Vol. 4, p. 467, and cases therein cited.

Upon conveyance of part of an entire estate, or of one of two adjacent tenements, all apparent and continuous privileges or *quasi* easements over the remaining lands of the grantor, annexed to the part granted during the unity of ownership of the beneficial and comfortable enjoyment thereof, and in actual use by the grantor, or with his consent, at the time of the grant will pass by implication, even without the word appurtenances in the conveyance. *Elliott* v. *Rhett*, 57 American Dec. 750, and particularly the discussion in note, p. 751 to 768. *Seymour* v. *Lewis*, 78 Am. Dec. 120, and note *Henry* v. *Koch*, 44 Am. Rep. 484.

This right to the use of that stairway was both apparent and continuous, it was in full use at the time of the conveyance by

Harlow to Wheelwright, had been so built by Harlow, to accommodate both stores and was the only means of ingress and egress to the upper part of either. It has so continued and in fact no other way can be built without an entire change in the construction of the plaintiff's store involving great expense and injury to the value of his property. This is the exact condition of things recognized by the court in upholding implied grants of this nature. See 7 Smith, N. Y. Court of Appeals, 505, and cases cited therein ; see also 3 Mason, 272.

In this state the courts have in this class of cases, put considerable stress upon the point that the way must be one of, not absolute, but of very great necessity ; still they have recognized the fact that a party may acquire such an easement. *Blake* v. *Ham*, 50 Maine, 311.

It will be argued on the strength of the language used in *Warren* v. *Blake*, 54 Maine, 276, that a party may make a deed which will cut off an easement and that if he has done so in clear and explicit language there is no remedy. We grant this but we say that mere silence in a deed, where such an easement was apparent at the time of the conveyance is not sufficient.

The court however, same case p. 288, adopt the rule of *Carbrey* v. *Willis*, 7 Allen, 364, and hold that in order to pass by implication the easement must be one of strict necessity, and say that a way when it is strictly a way of necessity falls under the rule.

Again the court of this state, *Dolliff* v. *B. & M. R. R.* 68 Maine, 176, say that it must be shown to be of clear necessity in order to overcome the presumption which obtains by reason of the silence in the deed.

It has been the intention of our court, as expressed in each of these cases, to follow the rule in Massachusetts, which as we understand it is, whether or not the party claiming the easement can do without it by constructing something to take the place of it at a reasonable expense? If so then, the deed being silent, he cannot claim the easement, but if not and the easement claimed is necessary and beneficial to his use of the property, the easement passes, and this is based upon the doctrine that a man

shall not derogate from his grant. *Johnson* v. *Jordan*, 2 Met. 234; *Leonard* v. *Leonard*, 2 Allen, 543; *Nichols* v. *Luce*, 24 Pick. 103; *Lawton* v. *Rivers*, 13 Am. Dec. 746; *Thayer* v. *Paine*, 2 Cush. 327; *Brigham* v. *Smith*, 4 Gray, 297; *Oliver* v. *Dickinson*, 100 Mass. 114; *Pingree* v. *McDuffie*, 56 N. H. 306. And as applying specially to a passage way, 30 Iowa, 386.

It is the duty of the grantor in selling to carefully reserve any rights he may wish to enjoy in the property conveyed while the grantee has the right to suppose that he is receiving whatever is necessary to the proper enjoyment of the property purchased. One of the best discussions of these two positions will be found in the case of *Mitchell* v. *Seipel*, 53 Md. 251, where these two rules are adopted.

To give a user effect, it must be continuous and uninterrupted, in the land of another, by the acquiescence of the owner, for a period of at least twenty years, under an adverse claim of right, while all persons concerned in the estate in or out of which it is derived, are free from disability to resist it, and are seized of the same in fee and in possession during the requisite period. Where all these circumstances concur, it raises a *prima facie* evidence of a right to such easement acquired by a grant which is now lost. Washb. on Real Estate, Vol. 2, p. 296, § 20, 3rd ed. It has been settled that this right can be claimed by a grantee back through his subsequent grantors. *Hill* v. *Lord*, 48 Maine, 83.

Where two adjacent owners built a party wall between their estates, resting it upon an arch, one leg stood upon the land of one owner, and the other upon that of the other, and the archway was used by them as a common passage way, it was held to be such an adverse user by each of the other's land as to give him a prescriptive right to have the wall thus supported. *Dowling* v. *Hennings*, 20 Md. 984.

An uninterrupted enjoyment of a way across another's land for twenty years unexplained, is presumed to be under a claim, an assertion of a right adverse to the owner, not only giving title

by prescription but raising a presumption of a grant. *Miller* v. *Garlock*, 8 Barb. 153.

Twenty years occupation alone is sufficient to ground a presumption that the occupation began in virtue of some contract between the parties, but is to be applied only to cases where the legal qualities of such a right are proved to exist. One is, that the occupation must be uninterrupted by the owner of the land; another is that the occupation must be really adverse, and not by any permission, license or indulgence of the owner. *Sargent* v. *Ballard*, 9 Pick. 251. See also *Haynes* v. *Boardman*, 119 Mass. 414; *Hill* v. *Crosby*, 2 Pick. 466; *Melvin* v. *Props. of Locks & Canals on Merrimack River*, 5 Met. 15; *Melvin* v. *Whiting*, 13 Pick. 184; *Kent* v. *Waite*, 10 Pick. 138; *Leonard* v. *Leonard*, 7 Allen, 277; *Rung* v. *Shoneberger*, 26 Am. Dec. 100.

Presumptions of this kind are adopted from the general infirmity of human nature, the difficulty of preserving muniments of title, and the public policy of supporting long and uninterrupted possessions. They are founded upon the consideration that the facts are such as could not, according to the course of ordinary affairs, occur, unless there was a transmutation of title to, or admission of an existing title in the party in possession. *Tinkham* v. *Arnold*, 3 Maine, 120; *Dority* v. *Dunning*, 78 Maine, 381; *Littlefield* v. *Maxwell*, 31 Maine, 134; *Jewett* v. *Hussey*, 70 Maine, 433; *Blake* v. *Everett*, 1 Allen, 248.

The case of *Barnes & al* v. *Haynes*, is somewhat like the case before us. In that case there was a passage way between two buildings which had been used by the owner of each for more than twenty years, and in an action by one against the other for obstructing the same, the court say, "When such actual uninterrupted use of a way, as of right, is shown to have existed a sufficient length of time to create the presumption of a grant, if the other party relies on the fact that these acts, all or some of them, are permissive, it is incumbent on such party, by sufficient proof to rebut such presumption of a non-appearing grant, otherwise, the presumption stands as sufficient proof, and establishes the right." *Barnes* v. *Haynes*, 13 Gray, 188;

*Stearns* v. *Janes*, 12 Allen, 582; *Parks* v. *Bishop*, 120 Mass. 340.

A very thorough and exhaustive discussion of the questions involved in this case, both as to implied grant and adverse possession, as we believe, sustaining the plaintiff's claim in this case, will be found in the following New Jersey cases, viz: *Brakely* v. *Sharp*, 9 N. J. E. Rep. 9: *Same* v. *Same*, 10 N. J. Eq. 206; *Seymour* v. *Lewis*, 13 *Id.* 439; *Fetters* v. *Humphreys*, 18 *Id.* 260; *Denton* v. *Leddell*, 23 *Id.* 64; *DeLuze* v. *Bradbury*, 25 *Id.* 70; *Chew* v. *Cook*, 39 *Id.* 396.

*Charles H. Bartlett*, also for plaintiff.

The intent of the parties is gathered not alone from the written words in a deed but the surrounding circumstances also; and the state of the property conveyed, at the time of the conveyance, must be considered. *United States* v. *Appleton*, 1 Sumner, 492; *Dunklee* v. *The Wilton R. R.* 4 Foster, 489.

When anything is granted, all the means to attain it, and all the fruits and effects of it, are granted also. Shepard's Touchstone, *89. The general rule is, that when the use of a thing is granted, everything is granted by which the grantee may have and enjoy such use. 3 Kent's Com. (12th ed.) *421.

Premises pass to the grantee as they are at the time of the grant. *U. S.* v. *Appleton*, and *Dunklee* v. *The Wilton R. R.* supra; *Clark* v. *Gaffeney*, 116 Ill. 362 (3 Weston Rep. 577); *Pyer* v. *Carter*, 1 H. & N. 916; *Kent* v. *Waite*, 10 Pick. 138; *Cihak* v. *Kleker*, 117 Ill. (5 Western Rep. 490); *Watts* v. *Kelson*, L. R. 6 Ch. 174; *Parish* v. *Caspare*, 7 Western Rep. 369 (Ind.).

The conveyance to Wheelwright, passed to him as being a way in use at the time, apparent and continuous, and reasonably necessary to the enjoyment of the Stillwell store, and the front room or office therein, and became annexed thereto, and passed, through the *mesne* conveyances, to the plaintiff, although not mentioned in any part of the deeds. *Morrison* v. *King*, 62 Ill. 30; *Ins. Co.* v. *Patterson*, 1 Western Rep. 124; Bou. Law Dict. Title Easement; Washb. Easement, (4th ed.) 103, 697;

*Pettingill* v. *Porter*, 8 Allen, 1; *Thayer* v. *Payne*, 2 Cush. 327; MORTON, J., in *Bass* v. *Edwards*, 126 Mass. 445; FIELD, J., in *Schmidt* v. *Quinn*, 136 Mass. 575; MILLER, J., in *Mitchel* v. *Seipel*, 53 Md. 251; and this reasonable necessity is the principle on which the following cases were decided. *Johnson* v. *Jordan*, 2 Met. 234; *Carbrey* v. *Willis*, 7 Allen, 364; *Randall* v. *McLaughlin*, 10 Allen, 366.

A right of way may be appurtenant. *Kent* v. *Waite*, *U. S.* v. *Appleton, supra*; *Underwood* v. *Carney*, 1 Cush. 285. A ditch made to carry off surface water has been held to be an apparent and continuous easement. *Roberts* v. *Roberts*, 7 Lansing, (N. Y.) 55, and so is an alleyway which has been laid out. *McCarty* v. *Kitchenman*, 47 Pa. St. 239.

The easement having become annexed to the Stillwell store and to the office therein by the conveyance to Wheelwright and his subsequent use, would pass to every grantee without mention even though not necessary to the use and enjoyment. *Dority* v. *Dunning*, 78 Maine, 381.

The ground of reasonable necessity would seem to have been the principle in the following cases. With the grant of a boom, the right to fasten it passed. *Hoskins* v. *Brawn*, 76 Maine, 68. With the grant of a dam, the right of flowage. *Baker* v. *Bessey*, 73 Maine, 472, and the grant of a building, the right of support. *Richards* v. *Rose*, 24 Eng. Law & Eq. Rep. 406.

The following cases will be cited, by the counsel for the defendant, to show that the law in this state, is, that, only those easements pass which are strictly necessary. *Warren* v. *Blake*, 54 Maine, 276; *Dolliff* v. *Boston & Maine R. R. Co.* 68 Maine, 173; and *Stevens* v. *Orr*, 69 Maine, 323.

In Washb. Easement, (4th ed.) p. 109, it is said, "It may perhaps still be considered unsettled in Massachusetts, whether the proper instruction to the jury should be, that the easement must be strictly necessary or reasonably necessary to the enjoyment of the estate granted," and on page 73, that "the chancellor, in giving his opinion in the case of *Suffield* v. *Brown*, seems to have gone out of his record to attack and endeavor to overrule this case of *Pyer* v. *Carter*." And substantially the

same thing is stated in *Watts* v. *Kelson*, L. R. 6 Ch. Ap. 166; *Suffield* v. *Brown*, 4 D. J. & S. 185, was a case in which the plaintiff claimed the right by reservation, to have the bow-sprits of vessels lying at his wharf, extend over the adjoining premises formerly owned by him.

The possession of the tenants was that of the landlord and may be reckoned as part of the time necessary to gain a right by adverse enjoyment. Bou. Law Dict. Title Possession. Washb. Easement, (4th ed.) 186; *Bellis* v. *Bellis*, 122 Mass. 414; *Goodwin* v. *Sawyer*, 33 Maine, 541. Possession by a landlord and his tenants has been held to be sufficient in New York. *Doolitle* v. *Tice*, 41 Barb. 181. . The possession of these several landlords could be tacked, so as to form a continuous adverse possession. *Leonard* v. *Leonard*, 7 Allen, 277; *Sawyer* v. *Kendall*, 10 Cush. 241.

Actual occupancy is not necessary to constitute adverse possession. *Cooper* v. *Morris*, 6 Cent. Rep. 314; *Foulke* v. *Bond*, 12 Vroom, 527; *Hovey* v. *Furman*, 1 Pa. St. 295. The fact that the Foster store may have been occupied by tenants does not make any difference. *Reimar* v. *Stuber*, 20 Pa. St. 458. It will not be contended that there was any concealment about the use of these stairs.

A use of an easement which was as notorious and well known as this, is presumed to have been known to the landlord of the Foster store, even if it were rented to tenants. Washb. Easements, (4th ed.) 180; *Close* v. *Samm*, 27 Ia. 503; *Davies* v. *Stephens*, 7 C. & P. 570. In *Blanchard* v. *Moulton*, 63 Maine, 434, it was stated by APPLETON, C. J., on p. 436, that "adverse user is nothing more than such use of the property, as the owner himself would exercise."

Where one uses premises whenever he sees fit without asking leave and without objection, it is an adverse user. *Garrett* v. *Jackson*, 20 Pa. St. 335; S. C. Lead Smith's Cas. (6th Am. ed.) 643; Washb. Easem. (4th ed.) 157.

Any occupation of land of another, under a claim of ownership, is adverse. *Jewett* v. *Hussey*, 70 Maine, 433. The use of an easement for twenty years under a claim of right is presumed to

be adverse. Washb. Easem. (4th ed.) 90 ; *Hazard* v. *Robinson,* 3 Mason, 272, and if sufficient even though there is no adverse possession. *Chew* v. *Cook,* 39 N. J. Eq. 396. The possession was sufficiently continuous.

In *Hill* v. *Crosby,* 2 Pick. 466, the keeping of a bridge in repair by the plaintiff's father and himself for more than twenty years, and passing over the river in boats when the bridge was down, was held to be sufficiently continuous.

"Rights of way and some other easements are not continuously exercised ; but the right is acquired by an uninterrupted use of the right at all times at the pleasure or convenience of the party claiming the right." BELL, C. J., in *Winnipiseogee Lake Co.* v. *Young,* 40 N. H. 420.

In *Clancey* v. *Houdlette,* 39 Maine, 451, flats which were covered at every tide were held to be of such a character that rights in them could be gained by adverse possession.

In *Dana* v. *Valentine,* 5 Met. 8, it was held that user of buildings for an offensive trade for more than twenty years, except for about two years when they were not so used, was sufficiently continuous.

In *Bodfish* v. *Bodfish,* 105 Mass. 317, it was held in regard to a right of way, that acts of user of such a character and at such intervals as afforded a sufficient indication to the plaintiffs that the right of way was claimed against him.

The fact that the stairs were used by others than the tenants in the Stillwell store does not affect the case. *Kent* v. *Waite,* 10 Pick. 138. Adjoining owners using for more than twenty years a passage way lying on each side of the division line between their properties, have a right by prescription, to pass over each other's part. *Barnes* v. *Haynes,* 13 Gray, 188 ; *Nicholes* v. *Wentworth* (1 Cent. Rep. 737), 100 N. Y. 455. And owners of a party wall have a right of prescription, in the same manner, to the use of the wall. *Webster* v. *Stevens,* 5 Duer, 553 ; *Eno* v. *Del Necchio,* 6 Duer, 17.

A witness testifying as to the use of a way, may be asked if the user was under claim of right. *Turner* v. *Baldwin,* 44 Conn. 123.

*Wilson and Woodard,* for the defendant.

DANFORTH, J.   The plaintiff and defendant are the owners in severalty of two adjoining stores, divided by a partition wall and fronting upon a street in the city of Bangor.   In the defendant's store and next to the partition wall is a stairway with an entrance from the street leading to the second story.   At the head of this stairway turning to the right is a door in the partition wall opening into the second story of the plaintiff's building.   The tenants of the plaintiff having occasion to go to the second story, have been accustomed to use this stairway and door, having no such means of access upon their own premises.   On the 28th of June, 1884, the defendant closed up this door in the partition wall, thus preventing all access that way for the plaintiff's tenants.   It is for this act that the plaintiff claims damage, claiming that he has a right of way for his tenants over the stairs.

These stores were originally built by Nathaniel Harlow, in 1847, with the stairs, wall and door, as they were before the defendant closed the door, and were so used until that time.

In February, 1860, Mr. Harlow sold the store, now owned by the plaintiff, to J. S. Wheelwright, and in the deed the premises were described by metes and bounds, making the center of the wall the dividing line.   The plaintiff now has this title.   The defendant has title to the remaining premises.

The plaintiff claims title to a right of way over the stairs by virtue of an implied grant under the deed, Harlow to Wheelwright.   He cannot claim it as a way of strict necessity, for his building fronts upon the highway, and he can make a stairway upon his own premises ; but rather as a way of convenience ; having been so built in the beginning and so occupied both before and after the conveyance to Wheelwright, it is claimed that it has become appurtenant to and so far a part of the premises, as to pass by the deed, if not by express grant at least by implication.   But there is no obscurity in the language of the deed, no question as to the precise premises covered by it.   The stairs are not conveyed even if considered a part of the premises, and the only question is whether, under the facts, a right of way over the stairs is conveyed by implication.

In this state, the rule is now so well established, that the test to be applied in such cases is, whether the way is one of strict necessity, that it is too late to change it. Nor do we think it desirable, for it seems to be founded not only upon a preponderance of authority but upon sound principle. It has the recommendation of simplicity and certainty, is easily applied, and works no injustice; for, the purchaser knows, or should know, what he is buying before his deed is accepted. In *Warren* v. *Blake*, 54 Maine, 276, this precise question was exhaustively examined and the rule adopted. In *Dolliff* v. *Boston & Maine*, 68 Maine, 173; and in *Stevens* v. *Orr*, 69 Maine, 323, the question was raised and the rule affirmed.

To guard against misapprehension, it may be well to state that in the learned and exhaustive argument for the plaintiff, many cases are cited in which the conveyance was of lots upon a plan showing the way contended for, or where in the description the lot was bounded upon a way located upon the grantor's own land and it was held that the grant carried the way. These cases rest upon the principle that by a reference to the plan that becomes a part of the description and carries the right of way by an express grant, or as when bounded upon a way upon the grantor's land, it is such a representation of the existence of a way material to the value of the land, as to estop the the grantor from denying its truth. *Bartlett* v. *Bangor*, 67 Maine, 460 : *Fox* v. *Sugar Refinery*, 109 Mass. 292. These cases undoubtedly enunciate good law, but are easily distinguishable from the present. Another class of cases cited, is where the premises are conveyed by some distinguishing name, without any description by metes and bounds; then, all parts, or appurtenances, properly included in the descriptive name, will pass. These cases are readily distinguishable from the one at bar.

Another ground upon which the plaintiff claims to sustain his title is that of adverse user. It is true as the case shows, that this way has been used for more than twenty years in connexion with the plaintiff's premises, mostly, or all of the time by tenants. But it is equally true that in 1865, and for a few subsequent years, while Mr. Harlow and his successor retained

the ownership of the defendant's store, there was a tenant in there under Harlow and his successor, who occupied the premises on both sides. If therefore the occupation of the tenant was that of the landlord, here was an interruption of any adverse use, and since that there has not been sufficient time to gain a right by prescription. If the use of the tenant was not that of the landlord, then there is no pretence of title by.adverse user.

The result is, both grounds upon which the plaintiff bases his title fail.

*Plaintiff nonsuit.*

PETERS, C. J., WALTON, LIBBEY, EMERY and HASKELL, JJ., concurred.