## HERBERT L. HILDRETH *vs.* LIZZIE GOOGINS.

### York.   Opinion January 8, 1898.

*Way.   Easement.*

The defendant claimed a right of way by necessity over the plaintiff's land. The defendant's land bordered on the ocean and over which access to his land could be had. *Held;* that necessity and not convenience is the test of the defendant's claim, there being no evidence that the way by water was unavailable.

Implied grants of this character are looked upon with jealousy, construed with strictness, and are not favored except in cases of strict necessity.

The court instructed the jury that the ocean was a public highway, and to a question by a juror, " whether the ocean was a public highway, if it was not available; and whether it was for the jury to decide whether it is available in the present case," the court replied, " that if there was any evidence as to availability it was for them to decide; but if there was no evidence, they must assume that it was available." They were further instructed " that cases must be decided upon the evidence introduced, and not with reference to any individual knowledge that any juror may have," and the following general instruction was then added, " nothing appearing to the contrary, the ocean is a highway." *Held;* that exceptions do not lie to these instructions.

ON MOTION AND EXCEPTIONS BY DEFENDANT.

The case appears in the opinion.

*G. F. and Leroy Haley,* for plaintiff.

*J. B. Donovan and S. M. Came,* for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, STROUT, SAVAGE, JJ.

STROUT, J.   The controversy in this case, is whether there is a right of way from the lot of land occupied by the defendant at Old Orchard as tenant of the heirs of William Emery, over and across the plaintiff's land to the street, as appurtenant to defendant's lot. At the trial below the right of way was claimed first by deed, second by prescription, and third by necessity. The evidence failed to sustain either of the first two claims and they are aban-

doned here.    But it is strenuously contended that a way of necessity exists from defendant's lot, across that of plaintiff.

Lawrence Barnes on June 15, 1871, owned in one tract the land, part of which is now owned by the plaintiff, and part by the heirs of William Emery.    On that day he conveyed to one Seavey that part of the land now occupied by defendant.    William Emery derived title under this deed through mesne conveyances.    Barnes' deed to Seavey did not contain any grant of a right of way across Barnes' remaining land.    Plaintiff derives his title through deed from Barnes to Francis Milliken, dated October 16, 1879, and mesne conveyances.    The land owned by the Emery heirs is bounded on one side by the ocean.    No access to it from the street can be had, except by the ocean or crossing land of other owners.    Under these circumstances it is claimed that the conveyance by Barnes to Seavey implied a grant of a way over and across the plaintiff's lot, then owned by Barnes, as appurtenant to defendant's lot.

"Implied grants of this character are looked upon with jealousy, construed with strictness, and are not favored, except in cases of strict necessity, and not from mere convenience."    *Kingsley* v. *Land Improvement Co.*, 86 Maine, 280.    In that case it was held by this court, that as free access to the land over public navigable waters existed, a way by necessity over the grantor's land could not be implied.    The same rule applies here.    Defendant's land borders on the ocean, a public highway, over which access to her land from the street can be had.    It may not be as convenient as a passage by land, but necessity and not convenience is the test. *Warren* v. *Blake*, 54 Maine, 276; *Dolliff* v. *B. & M. R. R.* 68 Maine, 176; *Stevens* v. *Orr*, 69 Maine, 324.    There is no evidence in the case that the water way is unavailable.    The court instructed the jury that the ocean was a public highway, and to a question by a juror, "whether the ocean was a public highway, if it was not available, and whether it was for the jury to decide whether it is available in the present case," the court replied, "that if there was any evidence as to availability it was for them to decide; but if there was no evidence, they must assume that it

was available." They were further instructed "that cases must be decided upon the evidence introduced, and not with reference to any individual knowledge that any juror may have, and I give now the general instruction that, nothing appearing to the contrary, the ocean is a highway."

Exception is taken to these instructions. But they are so clearly in consonance with well-established principles, and the decisions of this court, that it is unnecessary to discuss them. *Kingsley* v. *Land Improvement Co.*, supra. *Rolfe* v. *Rumford*, 66 Maine, 564.

We perceive no reason for disturbing the verdict, upon the motion.

*Motion and exceptions overruled.*