JAMES KANE v. JOHN W. TEMPLIN, et al., and GEO. W. SPEIDEL, Appellants.

**Real property:** EASEMENTS BY IMPLICATION. The devisees of property 1 take title by purchase, and so far as easements are concerned their rights are the same as those of any other purchaser. So that where a building was devised to different parties, in one part of which and adjoining the dividing line there was a stairway and hall designed and used for the mutual convenience of the occupants of the entire building, the grantees of the part adjoining the stairway and hall acquired an easement therein by implication, and the grantees of the other part took title subject to such easement.

**Same:** Easements by implication are limited to such rights as in the 2 nature of the case must be presumed to have been in the minds of

the parties concerned, appurtenant on the one hand and servient on the other; and necessity for the convenient use and enjoyment of the premises to which the easement is claimed to be appurtenant is material in determining whether the easement is to be implied.

**Same:** An appurtenant easement passes with a description of the property to which it attaches without specific designation; and the purchaser of the servient property takes subject to the easement, without express reservation.

**Same:** JUDGMENTS: CONCLUSIVENESS. A decree reforming a will so as to correctly describe that part of a building devised to one legatee will not bar the right of the legatee of the other part to subsequently sue for the protection of an easement appurtenant thereto.

**Same:** ABANDONMENT: EVIDENCE. Mere nonuser of an easement during a time when there was no occasion to use it does not show permanent abandonment. In the instant case the evidence is held insufficient to show abandonment.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

FRIDAY, DECEMBER 13, 1912.

ACTION in equity to enjoin the defendants from obstructing certain stairways and access to a hall on their premises in the use of which, it is claimed by plaintiff, he has an easement. There was a decree for plaintiff, and the defendants appeal.—*Affirmed.*

*Wade, Dutcher & Davis,* for appellants.

*John J. Ney,* for appellee.

McCLAIN, C. J.—About the year 1860, one J. D. Templin was the owner of a parcel of land in the business portion of Iowa City with a frontage of forty feet on the south side

of Washington street and extending southward one hundred and fifty feet to an alley, and erected thereon a two-story brick building of the entire width of the parcel of land and of a depth of about eighty feet. Through the center of this building, extending north and south, was a brick wall from the foundation to the roof, dividing the lower story into two storerooms, each about twenty feet in width, save that out of the east half space was taken for a front and a rear stairway, inclosed, and adjoining the center wall, which stairways gave access to a hallway on the second floor extending the entire length of the building north and south and also adjoining the center wall. There was no access to the front stairway from the west storeroom, but the back stairway was reached from that room through a door near the south end of the center wall. On the second floor, the rooms on the west side of the center wall were reached from the hallway through doors cut in the wall, and on the east side of the hallway were doors into corresponding rooms over the eastern storeroom. Without any substantial change of plan, the front and rear stairways and the hall on the second floor continued to be used for the purposes above indicated until the death of the owner in 1882, when the two portions of the premises passed by devise to different owners; the eastern part of the building being described as the west half of the east half of lot 2 in block 81, and the western part being described as the east half of the west half of the same lot. The title of the plaintiff and the defendants, respectively, to the west half and the east half of the building, rests upon these devises. For the purpose of determining the question presented, no further details as to the title to the respective portions of the property need be set out. The claim of plaintiff as owner of the west half of the building is that, under the devise to his remote grantors of the west half of the east half of lot 2, he acquired the right to the use of the stairways and hall as an easement appurtenant to his portion of the building; while the contention for defendants is that there was no easement

granted in the stairways and hall which are wholly within the limits of the east half of the building, and that the devise of that portion excluded any easement by implication or necessity. There is a further claim for defendants that, if any easement existed at the time the devise took effect, it has been abandoned by the conduct of plaintiff and those under whom he claims.

I. The devisees of the two halves of the building took title as purchasers, and their rights, so far as we can see, were the same as they would have been had J. D. Templin conveyed the west half of the building, that is, the east half of the west half of lot 2, to plaintiff's remote grantors, and at the same time conveyed to others the east half of the building, that is, the west half of the east half of the same lot. If, at the time such conveyances were made, there had existed, in the east half of the building adjoining the dividing wall, stairways and a hallway originally designed and still used, as was obvious to all the grantees, for the mutual convenience of the occupants of the entire building, then, as we think, the grantees of the west half would have acquired by implication an easement in the use of such stairways and hall, and the grantees of the east half would have taken title subject to such easement. *Thompson v. Miner,* 30 Iowa, 386; *Marshall Ice Co. v. La Plant,* 136 Iowa, 621; *Howell v. Estes,* 71 Tex. 690 (12 S. W. 62); *Doyle v. Lord,* 64 N. Y. 432 (21 Am. Rep. 629).

1. REAL PROP-
ERTY: ease-
ments by
implication.

It must be conceded that easements by implication are to be strictly limited to rights which in the very nature of the case must be presumed to have been in the minds of the parties concerned, appurtenant on the one hand and servient on the other; and the necessity of the use for the convenient enjoyment of the premises to which the easement is claimed as appurtenant is a material consideration in determining whether such easement is to be implied. Nevertheless, an easement by implication is a different thing from an easement by necessity, as the latter

2. SAME.

term is properly used. *Scott v. Palms,* 48 Mich. 505 (12 N. W. 677). It must be conceded, also, that in some courts easements by implication have been limited to those existing strictly by necessity. See, for example, *Buss v. Dyer,* 125 Mass. 287; *Hildreth v. Geogins,* 91 Me. 227 (39 Atl. 550); *Stillwell v. Foster,* 80 Me. 333, (14 Atl. 731). Much may be said in behalf of this rule; but we think the other rule which recognizes an implied easement as arising out of the method of construction and use of the building, portions of which subsequently pass to different purchasers, has been adopted by this court in the cases already cited.

Easements appurtenant pass with the description of the property to which they are appurtenant without specific designation, and, on the other hand, the purchaser of the servient property takes subject to the easement without express reservation. *Teachout v. Capital Lodge,* 128 Iowa, 380; *Reed v. Gasser,* 130 Iowa, 87; *Hatton v. Cale,* 152 Iowa, 485; *Stephens v. Boyd* (Iowa), 138 N. W. 389.

3. SAME.

We do not undertake to say that, if the building should be entirely destroyed, the plaintiff would have an easement in that portion of defendants' lot over which the stairways and hall are now maintained. No such question is before us. Plaintiff asks only that defendants be enjoined from obstructing his use of the stairways and hallway as they now exist, such use being that to which they were subject at the time title passed under separate ownership by virtue of the provisions of J. D. Templin's will. We think this claim of plaintiff was properly recognized by the lower court.

II. Appellants rely upon a decree in an action to which all the devisees of J. D. Templin were parties as an adjudication in favor of defendants J. W. Templin and others against plaintiff's remote grantor cutting off any right in the east half of the building. But it appears that the action in which such decree was rendered was one in which John W. Templin and his

4. SAME: judgments: conclusiveness.

minor children, who are defendants in the present action, asked
that as against the other heirs or devisees of J. D. Templin
the will of the latter be so reformed as to correctly describe
a certain parcel of land devised to said John W. Templin and
his issue as the west half of the east half of lot 2 in block 81,
instead of the east half of the west half of said lot, which was
in said will devised to a daughter, remote grantor of the
plaintiff, and that the right of said plaintiffs to the west half
of the east half of said lot under the will as thus corrected be
confirmed, and that to remove any cloud from said plaintiff's
title the record of the will be made to conform to the correc-
tion asked. The decree in that action recites service of notice
on defendants therein and default by them, and a finding
that said plaintiffs were, under the provisions and conditions
of the will, the owners of the west half of the east half of
said lot, correcting the will accordingly in that respect, and
confirming their title and quieting it as against the defendants
in that action. It is clear therefore that plaintiff's remote
grantor, as heir of J. D. Templin and devisee under his will,
was not called upon to defend her right to an easement by
implication in the west half of the east half of the lot which
she had by virtue of the devise to her of the east half of the
west half of the lot, and that the only effect of the decree
was to reform the will and make it effectual to carry out the
intent of the testator. In the first division of this opinion
the rights of the parties have been determined on the theory
of devises of the two halves of the building to different
devisees, and that conclusion is not affected, therefore, by the
consideration of the decree herein described.

In view of this conclusion, the motion of appellee, sub-
mitted with the case, to strike from the record the decree
offered in evidence on certain grounds set up in said motion,
need not be passed upon, and it is therefore overruled.

III. The evidence relied upon for appellants to show
abandonment of the easement by plaintiff's grantors or him-

self seems to us to be quite inadequate. The obstructions of which plaintiff complains, and which he asks

5. SAME: abandonment: evidence.

to have abated, have not existed for any great length of time and have but recently come to his attention. It is true that for some years the second floor of plaintiff's premises has been occupied by a tenant in connection with the second floor room to the west; communication having been established by an arched opening in the wall with plaintiff's consent, and the entrances from the hall to the east have not been used. But if plaintiff's present tenant for his second floor allows his lease to expire, it will be necessary for plaintiff in all probability to lease the second floor or portions of it to tenants who will desire access by means of the hallway; for there is no other avenue of access in the building to plaintiff's second floor save by the stairways and hallway to which this action relates.

It further appears that at one time plaintiff's immediate grantor, in leasing the storeroom on the first floor to George W. Speidel, who now, as tenant of the east half of the building, is a defendant in this suit, agreed to construct and did construct for him an inside stairway for reaching the back portion of the second floor. But after occupancy of two or three years, Speidel removed to the east side of the building, and his succeeding tenant of the storeroom on the west side, having no use for the inside stairway, cut it out. Speidel's testimony that, when plaintiff's grantor agreed to construct the inside stairway, he declared that his tenant had no right to the use of the stairways in the east half of the building, is contradicted by the other party to the alleged conversation, and, as the burden of proving abandonment is upon the defendants, we reach the conclusion that no actual or intentional abandonment is made out.

Mere nonuser of an easement of this kind during a period of time within which there is no occasion to use it does not tend to show a permanent abandonment. *Teachout v. Capital Lodge,* 128 Iowa, 380; *Reed v. Gasser,* 130 Iowa, 87.

The decree of the trial court is therefore *Affirmed.*