## WEINIG v. HOLCOMB.

1. **Adverse Possession:** CLAIM OF TITLE: PROOF. One claiming title, by the adverse possession of himself and his grantors, to land which was not only not included, but in terms excluded, from the conveyances under which they held adjacent land, must establish by strict proof the facts constituting adverse possession, and the intent with which the possession was taken is a material fact. And so, where neither defendant nor any one of his grantors had been in possession for ten years, and he failed to establish that any two or more of them had been in continuous possession for that length of time *under claim of title,* held that the proof was insufficient to establish title by adverse possession.

2. ———: COLOR OF TITLE: LAND EXCLUDED FROM DEED. Whether possession of land can be said to be with color of title when it is in terms excluded from a deed conveying adjacent land to the one in possession, and has not been otherwise conveyed to him, *quære.*

3. **Vendor and Vendee:** PAROL AGREEMENT BY VENDOR AS TO BOUNDARY: NOTICE. A parol agreement as to the boundary line between two divisions of a tract of land is not binding on a grantee of one of the divisions, who has no notice thereof, and whose deed includes a strip of land lying beyond such parol boundary.

*Appeal from Linn Circuit Court* — HON. J. H. PRESTON, Judge.

TUESDAY, OCTOBER 25.

ACTION in equity to determine the ownership of certain real estate. Judgment for the plaintiff, and the defendant appeals.

*E. A. Holcomb,* for appellant.

*C. J. Deacon* and *B. F. Hines,* for appellee.

SEEVERS, J.—The land in controversy is a part of lot 1, in section 17, in township 83 N. of range 7 W., and consists of a few acres of land on which there is a stone-quarry. Both parties claim title through or from J. J. Epley, but we understand that plaintiff's paper or record title is perfect, and that defendant's is not, for the reason that the strip of land in dispute is not included in the several conveyances under which

defendant claims, but that in fact it is excluded by description therefrom. This being so, the defendant claims that he and his grantors have been in open, visible and notorious possession under color of title for more than ten years prior to the commencement of this action. To this the plaintiff replies that the defendant and his grantors cannot be permitted to set up adverse possession, for the reason that they did not have color of title. This proposition is based on the fact that the land in controversy, by a sufficient description, is in terms excluded from the several conveyances under which defendant claims. In other words, the claim is that, as the defendant accepted a conveyance which in apt terms excluded the land in controversy from the conveyance under which he claims, he is estopped from setting up color or claim of title. We do not deem it necessary to determine the question just stated, but such question is entitled to weight and consideration in determining whether the defendant and his grantors took possession adversely to the true owners. The intent with which the possession was taken is material, and the facts relied on to prove it must be strictly proved. They cannot be presumed. (*Grube v. Wells*, 34 Iowa, 148.) The defendant relies on the possession of Elihu Robbins, but, conceding it to be adverse under claim of title, it continued only for about seven years, or until 1871. There is evidence tending to show that one Sly then entered, but it does not appear that he held adversely to the plaintiff, or, if he did, it does not appear how long he continued in possession. There is no sufficient evidence that Mentizer, under whom the plaintiff claims, was in possession, or with what intent he entered, if he possibly did so. Walker went into possession in 1874, and he testifies that he claimed title, and occupied said land from the time he purchased it; but he states that the only authority he had for "taking possession" was a conveyance from his grantor, Mentizer, and the land in controversy was excluded from such conveyance by a sufficient description thereof. We therefore do not think it clearly apppears that Walker entered into

possession under color of title. It is true, he testifies that he claimed title, but he also states that he took possession under the conveyance; and the land was not only not included therein, but was positively excluded by description therefrom. Walker was not entitled to possession under his conveyance, and, as he took possession thereunder, he could not have done so under a claim of right or color of title. It is not claimed that the defendant has been in possession for ten years prior to the commencement of this action. The defendant also claims that Epley made an arrangement as to the boundary line of the land, which should be recognized, and that, if this is done, plaintiff is not entitled to the relief asked. But this agreement, conceding all the defendant claims for it, existed only in parol, and there is no evidence that the plaintiff had any knowledge thereof at the time he obtained title. The judgment of the district court must be    Affirmed.