### H. M. REED v. M. GASSER, Appellant.

**Conveyances:** RESERVATION OF EASEMENT: DESCRIPTION.  The reservation in a deed to certain lots of "a driveway twelve feet along and across the southwesterly end of the same" with the right in another to enclose and use the same, is held not subject to the objection that the description is indefinite.

**Conveyance of easement.**  An easement which is appurtenant to land conveyed passes with the conveyance without an express grant.

**Easements:** PRESENT RIGHT.  The reservation of an easement in a conveyance to a third person, "except that the grantee may use the same on certain conditions," constitutes the reservation of a present, existing easement and excludes the grantee from any enjoyment thereof except on the conditions imposed in the deed.

**Non-user of easements.**  Where there has been an actual reservation of an easement, affirmative proof of user is not essential to establish a right, which would pass by deed to the grantee of the dominant estate.

**Easement:** ADVERSE POSSESSION.  On an issue as to the forfeiture of a right to an easement reserved by deed, the evidence is reviewed and held insufficient to show its loss by adverse possession.

*Appeal from Black Hawk District Court.*— HON. F. C. PLATT, Judge.

WEDNESDAY, MARCH 7, 1906.

ACTION to confirm plaintiff's claim to be the owner of a right of way over twelve feet of defendant's lot, as appurtenant to the ownership of an adjoining lot, and for a per-

manent injunction restraining defendant from in any manner obstructing said right of way. Decree for plaintiff. Defendant appeals.— *Affirmed.*

*H. H. Bezold* and *Courtright & Arbuckle,* for appellant.

*Edwards & Longley,* for appellee.

McCLAIN, C. J.— The defendant is the owner of the front portion of lots 1 and 4 in block 3, original town of Waterloo, east side of Cedar river, being a parcel of ground with a frontage of one hundred and twenty feet on Fifth street and sixty-six feet on Sycamore street. Plaintiff is the owner of a portion of the remaining part of lots 1 and 4; his part of lot 4 being contiguous to the portion of the same lot owned by defendant. It will be sufficient for the purposes of the case to say that the portion of lots 1 and 4 owned by plaintiff is separated to some extent from the portion owned by defendant by two parcels, each twenty feet in width, fronting on Sycamore street and extending back eighty feet parallel with Fifth street. Sycamore street runs from northwest to southeast, and Fifth street is at right angles to it, so that the defendant's line parallel with Sycamore street and one hundred and twenty feet from it may be described as the southwest boundary of his tract.

In 1873, lots 1 and 4 belonged to Augusta M. Bunbury, and in that year she conveyed to one Farwell the parcels already referred to, with a frontage of forty feet on Sycamore street, extending in a southwesterly direction 80 feet parallel with Fifth street. In this conveyance a right of way ten feet in width abutting upon the southwesterly end of the strip was reserved for an alley. As this reservation for an alley is thought to have some bearing on the interpretation of the acts of the parties as affecting the present contention, it is to be borne in mind that when

the conveyance to Farwell was made the ten feet reserved did not connect at either end with any street or alley of the plat. In May, 1877, Augusta M. Bunbury conveyed to one Shilliam the parcel of ground now owned by defendant, " excepting and reserving the right of a driveway twelve feet in width along and across the southwesterly end of the same, which Sam Shilliam has the right to inclose and use on maintaining gates at each end thereof "; and in November of the same year Augusta M. Bunbury, who had in the meantime by marriage become Augusta M. Bull, conveyed to S. Francisca Bunbury by proper description all that part of lots 1 and 4 not covered by the Farwell and Shilliam grants. Plaintiff has become the owner of all that part of lots 1 and 4 thus conveyed to S. Francisca Bunbury by a chain of title which need not be described in detail, except to say that the conveyance to S. Francisca Bunbury contained no mention of the right of way reserved across the southwestern end of the Shilliam parcel, whereas the conveyance from S. Francisca Bunbury to her grantee, who is plaintiff's remote grantor, expressly includes these two rights of way, which were expressly included, also, in the intermediate conveyances in plaintiff's chain of title, save in one instance, where the omission was soon after cured by quitclaim covering such rights of way. Shilliam conveyed to defendant by deed containing exception and reservation of the twelve-foot driveway along the southwesterly end of his parcel corresponding to the reservation in Augusta M. Bunbury's conveyance to him. The controversy in this case involves the question whether plaintiff is entitled to a twelve-foot driveway at the southwesterly end of defendant's parcel connecting plaintiff's portion of lot 4 with Fifth street.

The first contention for appellant is that the reservation in the Bunbury deed to Shilliam and the Shilliam deed to defendant is indefinite as to location, because a driveway twelve feet in width across any portion of the southwesterly

half of defendant's parcel would fill the description. But
in this there is no merit. The twelve-foot
driveway is not only to be across the southwest-
erly end of the parcel conveyed, but it is also
to be along the southwesterly boundary of the same; that
is, it is to be on the parcel and therefore a portion of it, and
it is to be along the southwesterly end. It is evident that
the word " end " is used in this reservation in two senses:
First, as describing the southwesterly boundary of the par-
cel; and, second, as describing the southwesterly portion of
the parcel. That the word may be used in either sense or in
both senses in conformity with common usage is too plain to
require elaboration of argument, and that it was used in
both senses in this reservation is equally plain. The strip
which was to constitute a driveway was across the south-
westerly end of the parcel, and along — that is, adjacent
to — the southwesterly boundary of the parcel.

*1. Conveyances: reservation of easement: description.*

The next contention for appellant is that the convey-
ance to S. Francisca Bunbury, through whom plaintiff
claims, contained no grant which would carry the right of
way over Shilliam's parcel, now owned by de-
fendant. But this contention is also without
merit. It is conceded for appellant that an easement appur-
tenant to land will pass by conveyance of the land without
an express grant or easement. See, to this effect, *Teachout
v. Capital Lodge,* 128 Iowa, 380. That the right to a drive-
way across the parcel granted to Shilliam was appurtenant
to the portion of lots 1 and 4 which still belonged to the
grantor at the time the conveyance to Shilliam was made
seems to us too plain to justify elaboration.

*2. Conveyance of easement.*

Counsel say that an easement appurtenant must be
actually in use and enjoyment, and must have been exer-
cised with the occupancy of the land for the benefit of which
it is reserved. *Decorah Woolen Mill Co. v.
Greer,* 49 Iowa, 490. But the reservation in
the present case was not of a prospective right, but of a pres-

*3. Easements: present right.*

ent right, and excluded by implication any interference on the part of Shilliam with the enjoyment of such easement, save as he was allowed to inclose it on maintaining gates at each end of the strip over which the easement was reserved. *Mosle v. Kuhlman,* 40 Iowa, 108.

Something is said in argument as to nonuser, but, as the easement was actually reserved by deed, we think it plain that affirmative proof of user cannot be essential to the establishment of a right which would pass by deed to the grantee of the dominant estate. Moreover, by subsequent conveyances on each side the existence of the easement was recognized, and certainly no further evidence of its original existence is necessary. We think it clear that the. only question of difficulty in the case is as to whether this easement, reserved by Augusta M. Bunbury and passing by her conveyance to S. Francisca Bunbury, has been lost by adverse possession or nonuser.

4. NONUSER OF EASEMENT.

Defendant by his pleadings sets up both adverse possession for the statutory period of limitation, and nonuser such as to extinguish the easement; and to these defenses we must now direct our attention. Counsel concede, however, that an easement created by deed cannot be lost by mere nonuser, and that only by nonuser for the statutory period of limitation, during which period the servient estate has been put by its owner to a use inconsistent with the enjoyment of the .easement, will the easement be extinguished; so that practically the claim of nonuser is simply another form for the claim of adverse possession. But, as we understand counsel, their contention as to adverse possession is in two forms: First, adverse possession such as to entirely bar and terminate all right of easement; and, second, _a mutual acquiescence for the statutory period in a different driveway from that described in the deeds.

5. EASEMENT: adverse possession.

It is with reference to the claim of adverse possession as terminating completely the easement which plaintiff now

seeks to assert that we have the most serious difficulty, and this difficulty arises out of the ambiguity and conflict in the testimony of the witnesses with reference to the actual use and occupancy of the southwesterly end of defendant's premises. Immediately upon acquiring title in 1877, Shilliam placed a livery barn on the street corner extending forty feet along Sycamore street and sixty feet along Fifth street, put scales on Fifth street, and built a yard for use in receiving hogs, inclosing for that purpose with a tight board fence the southwesterly portion of the premises; but he put a gate in the fence on Fifth street, and a corresponding gate in the fence on the opposite side. It appears that, some time between the placing of the barn on the premises by Shilliam and the time that defendant acquired title and went into possession in 1880, some sheds were standing on the southwesterly end of the lot covering stalls into which horses were placed for feeding; but in 1886 an extension was added to the southwesterly end of the barn, bringing it within about fifteen feet of the southwesterly line, and these sheds were taken away. Even while the sheds were there, it was possible to cross the southwesterly end of defendant's premises through the gates, and persons desiring to go from Fifth street to the other portion of lot 4 would occasionally drive through defendant's yard. We think the fact that these sheds obstructed the passage on the reserved twelve feet did not constitute an adverse possession so long as the right to drive across the end of the lot was not entirely cut off; but, however this may be, the sheds did not obstruct the driveway mentioned in the deed for the statutory period of limitation, and after the extension of the barn was built it appears that there was no obstruction to the use of the driveway by means of the gates. This condition continued until 1896, when a " pole barn " was built along the northwesterly line of defendant's premises, extending clear to the southwesterly boundary, and this barn completely cut off the use of the driveway; but in 1898 all the structures on the

premises, including the "pole barn," were destroyed by fire, and not until two or three years before the trial were any structures again placed on the southwesterly portion of the lot which would interfere with the driveway. We have stated these conclusions of fact in perhaps more concise and definite form than the testimony of the witnesses would warrant; but the burden of proof as to adverse possession was on the defendant (*Weinig v. Holcomb,* 73 Iowa, 143), and we are satisfied that the driveway has not been shown to have been lost by adverse possession.

The claim that some other right of way than that described in the deeds was established by acquiescence, and the right to use the twelve-foot strip for that purpose was lost, is not substantiated by anything more than a mere surmise. The surmise seems to be that all the parties concerned supposed the reservation in the deed to defendant's grantor to be a continuation of the right of way reserved for an alley at the southwesterly end of the Farwell parcels hereinbefore described, and that the use of defendant's premises for passing through by others was under that belief. But the language of the deeds is not to be explained away by a mere assumption. If people did cross through defendant's lot on a line with the right of way reserved at the southwesterly end of the Farwell parcel, it is not to be inferred that they did so because they understood there was no driveway in accordance with the description in defendant's chain of title. Such a usage on the part of the public did not indicate on the part of plaintiff any acquiescence in a new driveway which can be construed into an abandonment of the driveway called for by the deeds.

We are entirely satisfied with the conclusion reached by the trial court, and the decree in plaintiff's favor is therefore *affirmed.*