JACK PAGE, appellee, v. HULDA COOPER and COOPER WASHER PARTS, INC., a corporation, appellants.

No. 48075.

(Reported in 53 N.W.2d 765)

JUNE 10, 1952.

Fred S. Nordenson, of Sioux City, for appellants.

A. H. Bolton, of Sioux City, for appellee.

OLIVER, J.—Lots 1 and 2 in Block 12, Sioux City, as originally platted, faced Cook Street on the west and ran parallel to West Seventh Street on the north. Each lot was one hundred fifty feet long, east and west, and fifty feet wide. Subsequently the owners of Lots 1 and 2 divided them into vertical sections fronting West Seventh Street on the north, and in 1886, by deed shown of record, conveyed to plaintiff's predecessor in interest the east one third of the west three sixths of the west one hundred twenty-five feet of Lot 1 and the east one third of the west three sixths of the north forty feet of the west one hundred twenty-five feet of Lot 2, "the south 10 feet of the west 125 feet of said Lot 2 are to be for an alley for the use of said lots." Various subsequent deeds to parts of Lots 1 and 2 refer to the easement for an alley.

The property thus conveyed is now owned by plaintiff. It

has a frontage of twenty and five-sixths feet on West Seventh Street and a depth of ninety feet. It is occupied by a brick building. The section of Lots 1 and 2 adjoining plaintiff's property on the east is owned by defendant Hulda Cooper. At the rear of these properties is the alley, which was established by the 1886 deed for the use of Lots 1 and 2, and which existed without change until about 1943 when defendants started to obstruct it. It is a dead-end alley one hundred twenty-five feet long, with its only entrance from Cook Street on the west.

Plaintiff went into occupancy of the property now owned by him in 1924 and there operated a laundry until shortly prior to the trial of the case in 1951. His wife secured the record title in 1931 and upon her death it passed to him. Plaintiff used the alley for hauling coal, supplies and machinery for his laundry.

Mrs. Cooper acquired her property early in 1941 and it has since been occupied by defendant Cooper Washer Parts, Inc. In 1943 defendants moved a frame building from the front end of their lot and placed it upon the east end of the private alley. About 1944 defendants paved the alley. Plaintiff testified defendants' representative told him that was done to enable plaintiff to use the alley. At defendants' request plaintiff paid them the cost of paving the strip, eight inches in width, between the rear of plaintiff's building and the north line of the alley. At about that time defendants erected an eight-foot high corrugated iron fence along the south line of the alley, which encroached upon the alley about one foot. Defendants also placed a gate across the alley at plaintiff's east line, with a sign—"Notice, Private alley, property of Cooper Washer Parts, Inc., Keep Out."

Later, defendants constructed concrete footings about one foot in height along both sides of the alley. These narrowed the passageway and prevented the opening outward of the rear door of plaintiff's building. Defendants planned to build a garage in the alley, apparently to extend from plaintiff's east line to Cook Street, a distance of about sixty-two and one-half feet.

Defendants' representative told plaintiff, "I was going to build a garage in this narrow strip of alley." Shortly thereafter plaintiff instituted this action to enjoin defendants from obstructing the alley and to compel the removal of obstructions placed therein by defendants. The court ordered and adjudged

that the injunction issue. From said judgment defendants appeal. Their only contention here is the evidence shows an abandonment, relinquishment and termination of the easement or part of it.

One circumstance relied upon by defendants is the alleged failure of plaintiff "to use the alleyway for a long period of time." In that connection the record shows Cook Street was paved by the city in 1941 and the curbing was extended across the entrance to the private alley. Plaintiff was able to back his vehicle over this curbing by the use of a board to which several pieces of iron were attached. Later this board was broken and plaintiff for a time hauled his coal across the lot south of the alley and backed his vehicle across the alley to the rear of his building. However, when defendants paved the alley in 1944 they removed the curbing and made the entrance to the alley again passable.

Defendants contend also plaintiff consented to the obstructions in the alley. The record indicates he consented to the paving but not to the blocking of the alley. Plaintiff testified concerning the footings defendants placed in the alley: "I talked with Mr. Cooper before he started— * * * I said, 'Mr. Cooper, can't you and I get together and you leave me a back door here so I can get out?' He said, 'No, I am going to close it up, Jack.' " Nor does the record show plaintiff knew of or consented to the moving of the frame building from the front of defendants' property to the east part of the private alley, in the rear of defendants' property.

An easement created by deed cannot be lost by mere nonuser, and will be extinguished only by nonuser for the statutory period of limitation, during which period the owner of the servient estate has put it to a use inconsistent with the enjoyment of the easement, so that practically nonuser is simply another form for the claim of adverse possession. Reed v. Gasser, 130 Iowa 87, 91, 106 N.W. 383, 385; Barlow v. Chicago, R. I. & P. R. Co., 29 Iowa 276, 281; Presbyterian Church v. Harken, 177 Iowa 195, 206, 207, 158 N.W. 692, 696; Levine v. Chinitz, 233 Iowa 212, 219, 220, 8 N.W.2d 735, 739; annotations in 1 A. L. R. 884, 66 A. L. R. 1099 and 98 A. L. R. 1291; 28 C. J. S., Ease-

ments, section 60(b), page 726; 17 Am. Jur., Easements, section 141.

Reed v. Gasser, 130 Iowa 87, 92, 93, 106 N.W. 383, 385, supra, states: "* * * the sheds did not obstruct the driveway mentioned in the deed for the statutory period of limitation, * * * the burden of proof as to adverse possession was on the defendant * * *, and we are satisfied that the driveway has not been shown to have been lost by adverse possession."

Presbyterian Church v. Harken, 177 Iowa 195, 205, 158 N.W. 692, 696, points out:

"Of course, an easement may be abandoned by the grantee thereof, but mere nonuser, unless for a period of 10 years, will not raise a presumption of abandonment; and, even if for the full statutory period, such nonuser is subject to explanation, and if it appears that the owner had no intention of abandoning his easement, no abandonment will be found."

█ Abandonment is an affirmative defense and must be established by clear and unequivocal evidence. Dawson v. McKinnon, 226 Iowa 756, 770, 285 N.W. 258, 265.

██ The record in the case at bar fails to establish abandonment and, of course, defendants, who had not been in possession of their property for ten years before this suit was instituted, could have no rights based upon adverse possession of any part of the alley for that period. Hence, the propositions presented by defendants do not constitute a defense to the action.

It may be observed other counsel represented defendants in the trial court and apparently the defense there was not based upon the grounds presented here. The right to present these defenses for the first time upon appeal (if that is the situation) and the sufficiency of defendants' pleadings as a basis for them are, at least, questionable.—Affirmed.

All JUSTICES concur.