Lewellyn E. Harrington et ux., appellees, v. Kenneth Kessler et ux., appellants.

No. 48969.

(Reported in 77 N.W.2d 633)

June 19, 1956.

Rehearing Denied September 24, 1956.

Thomas O. Tacy, of Council Bluffs, for appellants.

Hess & Peters, of Council Bluffs, for appellees.

Larson, C. J.—Colfax Terrace, an addition to Council

1108

Bluffs, Iowa, consists of four lots, each approximately 92 feet deep and 40 feet wide. It fronts on Colfax Street, is bounded on the right by Elder Street, and on the left by a platted but unopened alley. These lots are fairly level after a sharp rise from Colfax Street, a rise that necessitates some 17 steps from the street to the level part of the lots. At the time the plat of Colfax Terrace was filed for record, the plattors and then title-holders provided:

"It is our intention and we do hereby dedicate an easement across the rear of lots 1, 2, 3 and 4, as shown on the plat to be used for driveway purposes for the benefit of the owners of said lots only and shall be kept open for such purposes until such time as all the owners of these lots shall agree in writing and *made* an official record to discontinue it as such. The abutting parcels shall then revert to full ownership and title to the owners of said lots 1, 2, 3 and 4. Certificate dated May 10, 1922."

The lots were numbered from right to left so that defendants herein own lot No. 1 adjacent to Elder Street and plaintiffs own lot No. 2 on defendants' left, having purchased the property in May 1952. In August or September of the same year a garage was erected on the northeast corner of lot 1, obstructing the driveway or easement. Shortly after this property was purchased by defendants in February 1953, a demand was made upon them to remove the obstructing garage. They refused and this action followed.

Defendants then filed a cross-petition against the owners of lots 2, 3 and 4, alleging the entire easement across lots 1, 2, 3 and 4 had been abandoned by all parties and prayed in the alternative "that a writ of injunction issue enjoining and restraining the plaintiffs and cross-defendants from maintaining obstructions on said lots 2, 3 and 4 and from obstructing and interfering with defendants-cross-petitioners' rights to use said easement across said lots and requiring the opening of said easement across said lots."

The trial court concerned itself principally with the question of whether there was in fact an existing easement over the

property of defendants. In its determination that such easement did in fact exist and that defendants had failed to prove abandonment thereof, we agree.

Defendants do not deny the maintenance of the recently erected garage upon the eight-foot strip at the rear of lot 1. They do contend, first, that the easement had been abandoned by all parties, and second, if the acts of the owners of lots 2, 3 and 4 did not amount to abandonment of the easement, they were guilty of obstructing the easement in such manner that defendants were entitled to the injunctive relief against them as prayed in defendants' cross-petition.

■ I.  Abandonment is an affirmative defense and must be established by clear and unequivocal evidence. Dawson v. McKinnon, 226 Iowa 756, 770, 285 N.W. 258, 265; Page v. Cooper, 243 Iowa 836, 840, 53 N.W.2d 765, 767.

■ II.  An easement created by deed cannot be lost by mere nonuser. Except by agreement, it will be extinguished only by nonuser for the statutory period of limitation, during which period the owner of the servient estate has put it to a use inconsistent with the enjoyment of the easement, so that practically nonuser is simply another form for the claim of adverse possession. Reed v. Gasser, 130 Iowa 87, 91, 106 N.W. 383, 385; Barlow v. Chicago, R. I. & P. R. Co., 29 Iowa 276, 281; Presbyterian Church v. Harken, 177 Iowa 195, 206, 207, 158 N.W. 692, 696; Levine v. Chinitz, 233 Iowa 212, 219, 220, 8 N.W.2d 735, 739; annotations in 1 A. L. R. 884, 66 A. L. R. 1099 and 98 A. L. R. 1291; 28 C. J. S., Easements, section 60(b), page 726; 17 Am. Jur. 1026, Easements, section 141; Page v. Cooper, supra.

■ Mere nonuser, unless for a period of ten years, will not raise a presumption of abandonment, and, even for the full statutory period, such nonuser is subject to explanation, and if it appears that the owner had no intention of abandoning his easement, no abandonment will be found. Presbyterian Church v. Harken, supra.

■ III.  The burden of proof as to adverse possession is on the defendants, Weinig v. Holcomb, 73 Iowa 143, 34 N.W. 787; Reed v. Gasser, supra, and although some obstruction is shown to exist upon the easement, it would not constitute ad-

1110

verse possession so long as the driveway across the strip was not shown to be cut off entirely, nor that the driveway mentioned in the deed was not substantially obstructed for the statutory period of limitations. Reed v. Gasser, supra.

IV. The easement involved in the case at bar is in the nature of a common easement. Due to the inaccessibility of the four lots from Colfax Street by motor vehicles, the plattor attempted to provide a way to reach these lots from the rear, an access which could only be terminated by the written consent of all the owners, and no such consent is claimed. Thus each lot became the servient of the other three and each the dominant of the others. "The term 'common easement' * * * denotes primarily the situation where adjoining property owners, or the predecessor in title of both, establish a driveway or other right of way for their common use, each giving the other an easement over a portion of his property." 17 Am. Jur., 1955 Supp., section 115, page 224.

The establishment of the easement is not disputed. The width of the easement was not set forth in the dedication, but was assumed to be eight feet wide, and that determination by the trial court is not questioned. Several poplar trees were growing on the rear of lot 2 and the evidence was in dispute as to whether or not they would obstruct automobile travel on the eight-foot easement. The record does not disclose how they came there nor how old they were. At the northwest corner of lot 4, where the alleged easement met the unopened alley, a rock wall had been erected to support the unimproved alleyway which was over four feet higher than lot 4. Until the alley is opened and improved, entrance to it from the easement is not possible. It also appeared there were some bushes, brush and weeds growing on the rear eight feet of lot 3. Defendants contended these obstructions, existing for some considerable time, constituted substantial proof of the abandonment of the dedicated easement. However, the record discloses no affirmative acts on the part of the owners of the servient lots in creating these alleged obstructions, with the possible exception of the rock wall and it appears to be more in the nature of a support than an obstruction to the easement.

It has often been held that an unintentional or a partial blocking is insufficient to disclose abandonment and so long as the purpose of ingress and egress is not substantially interfered with, no rights of the owners are lost. 17 Am. Jur., Easements, sections 114, 115, pages 1007, 1008. As a general rule, a mere neglect of the condition of a way is not enough in addition to nonuser to show abandonment. 25 A. L. R.2d annotation 1286 to 1289; Chitwood v. Whitlow (1950), 313 Ky. 182, 230 S.W.2d 641; Kurz v. Blume, 407 Ill. 383, 95 N.E.2d 338, 25 A. L. R.2d 1258. It is true, however, that were it clearly and positively shown that any one of the servient property owners *affirmatively* acted to interfere with or substantially blocked the use of the easement so as to prevent ingress or egress of the others, such interference may be enjoined by the courts, or may, if continued for the period set forth in the statute, establish abandonment of the easement by those concerned. The record here discloses no such proof.

Here a driveway or private alleyway at the rear of lots 1, 2, 3 and 4, extending from Elder Street to the platted but unopened alley, was for the benefit of all owners of the lots. While the alley remained unopened, through travel was not practical, though there was evidence it had been used to reach lot 4 from Elder Street. Within the past few years, prior to the erection of the garage, trade vehicles had driven as far as lot 2 to make deliveries to lots 2 and 3, and the owner of lot 4 had used it to reach his lot for a picnic. Prior to the erection of the garage occupants of lots 2 and 3 had also used this easement to bring in supplies and children's bicycles. True, motor vehicles had not traveled on the easement with the exception of the part on lot 1, although two witnesses said: "With a little manipulation, a car could be driven across the easement." Others said this could not be done.

While it is the usual duty of the owner of an easement to keep it in proper condition himself, 17 Am. Jur., section 108, page 1003, and cited cases, the owner of lot 2 testified that "I will remove the poplar trees * * * if the court so rules", which fairly indicates, we think, that the alleged blocking by the trees was not an affirmative act on his part. The record shows the

trees extended some 2½ feet from the rear of the easement and do block the easement to that extent.

The trial court, for the purpose of clearer understanding of the evidence, viewed the premises and came to the conclusion that the only obstruction upon the easement which would in time establish a claim of adverse possession was the garage placed upon the driveway at the rear of lot 1, and that it effectively and totally obstructed ingress and egress from street level to the rear of lots 2, 3 and 4 since there was as yet no outlet on the alley end of the easement along lot 4. It further found that since there was no outlet on the alley along lot 4, defendants could not benefit by an order compelling the removal of obstructions alleged on the easement at the rear of lots 2, 3 and 4, and refused to enjoin their maintenance. It ordered the removal of the garage on the rear eight feet of lot 1 and enjoined defendants from interfering with plaintiffs' right to use this strip for ingress and egress to lot 2.

V. From the record it does not clearly and positively appear that there was such an obstruction of the easement over lots 2, 3 and 4 as to entitle defendants to injunctive relief, or to prove an abandonment, intentional or otherwise. Defendants' contention must be rejected that the only material evidence which could refute the alleged abandonment was proof of its use for driveway purposes by actual vehicular travel, and that its use for bicycle or foot travel would not be sufficient. We do not agree that the term "for driveway purposes" as used here must be so narrowly construed. Its use for bicycles, handcarts, and foot travel must also be given consideration, and is quite persuasive that no intention existed to abandon this right of way.

VI. We conclude that the defendants failed to carry their burden to show the abandonment of any part or all of the easement, and that no acts appear in the record which would constitute adverse possession extending over the statutory period; in fact, neither of the parties has owned their properties sufficient time to acquire rights by adverse possession. However, it must be observed that should it later appear that the owners of lots 2, 3 or 4 affirmatively maintain substantial obstructions to defendants' reasonable use of the easement adjacent to those

lots so as to impede their ingress or egress, defendants also would be entitled to injunctive relief.

The defendants having failed to maintain their burden of proof, the judgment of the trial court must be affirmed.—Affirmed.

BLISS, GARFIELD, OLIVER, WENNERSTRUM, SMITH, HAYS, and THOMPSON, JJ., concur.

PETERSON, J., takes no part.