**Ben SCHWARTZ, Appellee,**

v.

**Richard C. GROSSMAN; Lucy D. Grossman; Dee Gee, Inc., a Corporation; Kenneth Andris, Glen Andris, Jess Andris, Verlin Stauffer, also known as Verlyn Stauffer doing business as Sandy's of Marshalltown; and Sandy's of Marshalltown, Inc., Appellants.**

**No. 53569.**

Supreme Court of Iowa.

Dec. 9, 1969.

Haupert, Robertson & Johnson, and Tye, Mills, Grimes & Peterson, Marshalltown, for appellants.

Cartwright, Druker, Ryden & Fagg, Marshalltown, for appellee.

LeGRAND, Justice.

This dispute involves an easement over the South 12 feet of Lots 1, 2, and 3 in Widl's Subdivision of Lots 1 and 10, Block 3, Anson's subdivision of Anson's Subdivision of the West Half of the Southeast Quarter of Section Thirty-five, Township Eight-Four North, Range Eighteen West of the 5th P.M., Marshall County, Iowa.

Plaintiff owns Lot 4 of that subdivision and claims the right to use the south 12 feet of Lots 1, 2, and 3 as an alley under an easement first established by specific reservations (as to Lots 1 and 2) in deeds executed in 1914 and (as to Lot 3) in 1916.

The defendants, Richard C. Grossman and Lucy D. Grossman, owned Lots 1, 2,

and 3 at the time this action was started. The defendant, Dee Gee, Inc., was made a party because of an alleged leasehold interest. A later amendment asserted Dee Gee, Inc. acquired title to these lots after the commencement of this suit. For purposes of this appeal their interests are identical.

The other individual defendants entered into a lease with Dee Gee, Inc. on June 30, 1966, covering real estate which included part of the property in question. Under the lease Dee Gee, Inc. agreed to erect a building to be operated by the lessees as a franchise drive-in restaurant under the name of Sandy's of Marshalltown. This lease was subsequently assigned by the lessees to a corporation known as Sandy's of Marshalltown, Inc. For our purposes the interests of these individuals and the corporation are identical.

The existence of the easement is not challenged, and no appeal was taken from the trial court's finding plaintiff and his predecessors were entitled to such a right-of-way; nor do defendants dispute the determination that they had both actual and constructive notice of plaintiff's rights at all times material to this controversy.

We therefore need not review the facts relative to this matter. We adopt the trial court's detailed findings tracing the history of the easement and restrict our discussion to the consequences which flow from the holding confirming plaintiff's right-of-way over the south 12 feet of said lots for the purposes of an alley.

The propositions relied on for reversal are limited to the claim that the decree imposes new and unreasonable burdens on the servient estate; denies Dee Gee, Inc. the reasonable use of its property; ignores the rights of Sandy's of Marshalltown, Inc., under its lease; and wrongfully requires affirmative acts by defendants to protect plaintiff's easement rights. We affirm the trial court.

Some background information is necessary to understand the issues involved. Defendants Grossman bought Lots 1, 2, and 3 in 1963 and 1964. They attempted to buy Lot 4, too, but were unable to do so. In 1966, construction work was started on Sandy's Restaurant. At that time there was an exchange of correspondence between the attorneys representing the litigants here. It is clear plaintiff was concerned about the effect this construction work would have on his easement. He insisted his right of ingress and egress be protected. Nothing came of these efforts, which were not enhanced by the fact plaintiff operates a competitive drive-in restaurant across the street from Sandy's location.

Despite this inability to reach an agreement concerning plaintiff's use of the alley, construction work went forward under plans and specifications furnished by Sandy's. Plaintiff started this action promptly while work was still in its preliminary stages.

When completed, the building was one foot from the right-of-way line. A large area was black-topped for parking. Lines were painted to designate parking stalls. Six of these were placed so that they completely blocked the line of travel established by the easement. At the sidewalk line wheel blocks were installed barring entrance from the street to the easement alley. The parking stalls encroaching on the easement were among the most convenient to the restaurant. A regular check made by plaintiff for more than a year showed these stalls, or some of them, to be occupied daily for substantial periods of time.

All of these facts are undisputed. Starting, as we do, with the admission that plaintiff has an easement, we need only decide if defendants have interfered with its proper use; and, if so, whether the relief granted is justified under the existing circumstances.

■ The principles governing easement rights are simple and well established. Plaintiff has the right to use the 12-foot strip in the manner and for the pur-

poses it was intended to serve. He cannot use it in a way which imposes additional burdens on the owner of the land through which it runs. Plaintiff's rights are not exclusive, and defendants may use the easement strip for any purpose not inconsistent with plaintiff's easement. 28 C.J.S. Easements § 87a, b, page 765; 25 Am.Jur.2d, Easements and Licenses, sections 73 and 74, page 479; Bina v. Bina, 213 Iowa 432, 435, 239 N.W. 68, 69, 78 A.L.R. 1216.

Neither plaintiff nor defendants may use the alley in violation of the rights of the other. There is no claim here that plaintiff did so. However, we must agree with the trial court's finding that defendants' conduct substantially destroyed the benefit of plaintiff's right. The wheel blocks were an effective barrier to the use of the alley, and the presence of parked cars on the easement strip each day was a continuing violation of plaintiff's free and unobstructed use of the alley. 28 C.J.S. Easements §§ 95c and 96, page 778; 25 A.Jur.2d, Easements and Licenses, section 87, page 493, and section 89, page 494; Bina v. Bina, supra. Such conduct was entirely inconsistent with, and destructive of, plaintiff's easement.

Defendants appear to argue there was an abandonment of the easement by plaintiff's failure to use it. As the trial court pointed out, this is an affirmative defense which was not plead and consequently cannot be relied on. We say in passing, however, that there was no evidence upon which abandonment could be based. Mere non-user does not work an abandonment of an easement created by specific grant or reservation, as this one is. Harrington v. Kessler, 247 Iowa 1106, 1109, 77 N.W.2d 633, 634; Polk County v. Brown, 260 Iowa 301, 306, 149 N.W.2d 314, 317; Page v. Cooper, 243 Iowa 836, 839, 53 N.W.2d 765, 767. The evidence conclusively refutes any intention to abandon the easement.

Defendants also urge upon us the proposition that the decree imposes additional and unreasonable burdens because it directs them to remove the wheel blocks, paint out the parking lines, and prevent customers and employees from parking in the easement area. It is true no additional burden not contemplated by the terms of the easement may be cast on the servient estate, but we do not believe this decree did so. The defendants had performed certain acts which made plaintiff's easement useless. The trial court only directed that they restore conditions to the status existing prior to such wrongful conduct. This cast no additional burden upon them; it merely made them carry a burden already theirs.

Nor does the provision in the decree directing defendants to prevent improper customer and employee parking impose objectionable affirmative duties on them. Defendants have the right to control employee and customer parking on their private property. In fact they have done so by clearly designating the places where cars could be properly parked. The decree requires nothing of defendants they are not already obligated to do—prevent "the use of, in any manner whatever, at any time, the easement passageway for customer or employee parking."

The last proposition is asserted only by Sandy's of Marshalltown, Inc. It is the novel idea that plaintiff may look only to Dee Gee, Inc. for relief. Sandy's argues the lease gave them the right to do what they did and plaintiff therefore has no redress against them. No authority is cited in support of this statement and we find no merit in it. They took the lease with knowledge of the easement, both actual and constructive. Like a grantee who takes under such circumstances, Sandy's rights as lessee are subject to the terms of the easement. 25 Am.Jur.2d, Easements and Licenses, section 97, page 502; Ft. Dodge, Des Moines and Southern Railway Co. v. American Community Stores Corpora-

tion, 256 Iowa 1344, 1353, 131 N.W.2d 515, 521.

We find there was a wilfull and substantial violation of plaintiff's right to the free and unobstructed use of the alley in question. We further find defendants do not intend to discontinue their interference with and obstruction of the easement area unless compelled to do so. Under these circumstances the trial court properly enjoined defendants from continuing their illegal conduct. Bina v. Bina, supra; Harrington v. Kessler, 247 Iowa 1106, 1111, 77 N.W.2d 633, 635.

We affirm the decree of the trial court.

Affirmed.

All Justices concur, except REES, J., who takes no part.