Max KROGH and Helen Krogh, Husband and Wife, Appellants,

v.

John CLARK and Janice Clark, Husband and Wife, Appellees.

No. 55976.

Supreme Court of Iowa.

Dec. 19, 1973.

Robert J. Crary, Sioux City, for appellants.

John T. O'Brien, Sioux City, for appellees.

Heard before MOORE, C. J., and Le-GRAND, UHLENHOPP, REYNOLD-SON and McCORMICK, JJ.

LeGRAND, Justice.

This appeal reaches us as the culmination of a dispute between neighbors over the existence of an easement for driveway purposes across plaintiff's land. Plaintiffs seek to enjoin defendants from their intended use of the easement and for damages ·because of the removal of 12 trees

and 20 rods of fencing lying within the easement area. The trial court ruled against plaintiffs and we affirm.

This is an equitable action which is triable here de novo. We give weight to the trial court's findings but are not bound by them. Rule 344(f)(7), Rules of Civil Procedure. It is therefore necessary that we review the evidence upon which we base our conclusion.

In 1950 Len Huff and Alice F. Huff, defendants' predecessors in title, started condemnation proceedings against certain real estate in Woodbury County owned by plaintiffs. Apparently the condemnation was brought under section 471.4(2), The Code, as the Huffs alleged they were the owners of real estate adjoining that owned by plaintiffs and had no private or public access thereto. They asked that a road of necessity be furnished them.

The institution of this action to condemn seems to have brought the parties together. At least shortly thereafter plaintiffs entered into an easement with the Huffs for a roadway 33 feet in width and running from a public road to the Huff property now owned by defendants herein.

The easement contained a provision by which the grantees (Huffs) were barred and estopped from claiming any title to the real estate described therein by reason of the condemnation proceedings started by them, and then continued with this clause:

"But their release and quit claim of titular interest in said real estate shall in no manner cut down or carve out of their rights the free and uninterrupted use of the roadway herein described for all purposes of ingress and egress to and from the real estate owned by them."

The easement terms were carefully spelled out as follows:

"The above-described real estate is the same as that described in the application for condemnation, and it is the intent and purpose of the parties hereto to set up this roadway and to abandon any title the said Len Huff and Alice F. Huff, as husband and wife, may have acquired in and to said real estate by reason of said condemnation proceeding, except that right of easement expressly created hereby.

"This easement shall be a perpetual easement, and shall run with the land owned by the grantees [Len Huff and Alice F. Huff] named herein.

"The said Len Huff and Alice F. Huff, husband and wife, shall be under no duty to fence said roadway at any time. They may set up adequate drainage ditches at either or both sides of said roadway, and construct a crown therein for proper surface drainage; but shall make no ditches larger than are required for said purposes, and said ditches shall be constructed in such manner as to cause the least inconvenience to the forming of adjoining lands lying to the east and west of said roadway."

It then concluded with this clause:

"The foregoing easement shall bind not only the parties signing this agreement, but the heirs, representatives and successors in title to the lands now owned by any and all of the parties signatory hereto."

From 1950 until sometime in 1971 the easement was used for roadway purposes to its full length but only a fraction of its width. It appears from the record that as little as 6 feet and as much as 16 feet of the total 33-foot width were used.

In 1969, Janice M. Clark, one of the above-named defendants, acquired the real estate by purchase from the administrator of the estate of Len M. Huff. The administrator's deed made specific reference to "an easement for ingress and egress from the public roadway." Shortly thereafter defendants began the activities which have led the parties here for a resolution of their differences. Defendants decided to improve the road and to use it to its full

extent. In the meantime, 12 trees which were on the property at the time the easement was granted had grown to much larger stature. At that time part of the easement area was fenced in and the enclosed land was used by plaintiffs in their farming operations. When defendants decided to make full use of their easement, they asked plaintiffs to remove these trees and take down the fence. Plaintiffs refused to do so. Approximately six months later, they renewed the request and again were rebuffed. They then removed the trees themselves and took down the fencing. According to the record, this was for the purpose of crowning the road and of constructing ditches on either side for better drainage, all of which was authorized by the easement provisions. No claim to the contrary is made; in fact it is admitted the acts now complained of were all done within the confines of the metes and bounds description of the easement granted in 1950.

Plaintiffs brought this action to enjoin defendants from their intended use of the roadway and also asking damages for the destruction of 12 trees and removal of the fence. Their claim is based on two main principles:

(1) They say the terms of the easement were modified by later agreement between the contracting parties and that defendants were not entitled to use the 33-foot width originally provided for; and

(2) They say rights under the easement were forfeited by extended nonuser and that defendants' rights are limited to the actual use which had been made of the easement for more than 20 years.

■ I. We can quickly dispose of the first contention by holding, as did the trial court, that there is no evidence, either oral or written, of a modification in the terms of the 1950 easement. Plaintiffs have utterly failed to carry their burden of proof on that issue.

II. Concerning the second claim—loss of easement rights by nonuser—we first express doubt this was rightfully an issue in the case. It appears nowhere in the pleadings, which relied solely on the assertion the original agreement had been modified.

■ Be that as it may, the nonuser argument is without merit. Nonuser does not forfeit rights granted under a written easement unless it is for such period and under such conditions as to constitute adverse possession. This record is silent as to any circumstances which would justify a finding the easement had been lost by nonuser. Schwartz v. Grossman, 173 N.W.2d 57, 60 (Iowa 1969); Harrington v. Kessler, 247 Iowa 1106, 1109, 77 N.W.2d 633, 634 (1956).

We find this from the Harrington case particularly persuasive:

"An easement created by deed cannot be lost by mere nonuser. Except by agreement, it will be extinguished only by nonuser for the statutory period of limitation, during which period the owner of the servient estate has put it to a use inconsistent with the enjoyment of the easement, so that practically nonuser is simply another form for the claim of adverse possession. (citations).

"The burden of proof as to adverse possession is on the [one asserting it] * * *; and although some obstruction is shown to exist upon the easement, it would not constitute adverse possession so long as the driveway across the strip was not shown to be cut off entirely, nor that the driveway mentioned in the deed was not substantially obstructed for the statutory period of limitations * * *."

The evidence is virtually undisputed that the driveway was at all times not only usable but used. It was not "cut off entirely"; nor was it "substantially blocked for the statutory period of limitations" in such

a manner as to prevent its use for roadway purposes.

We agree with the trial court that plaintiffs were not entitled to injunctive relief to prohibit the use of the road according to the terms of the written easement.

■ III. We also agree that plaintiffs failed to establish a right to damages. In view of our finding that defendants' proposed use of the entire 33-foot right-of-way described in the 1950 easement agreement was proper, if follows the obstruction of the roadway by the trees and fencing was improper.

When plaintiffs refused to remove the obstructions, defendants could do so, assuming it could be done peacefully. We find this statement of the rule in 25 Am.Jur.2d, Easements, page 498 (1966):

"Generally, the person having the right to use an easement has the right to remove obstructions unlawfully placed thereon, as well as natural obstructions interfering with the use of the easement, so long as there is no breach of the peace. The theory is that the unlawful obstruction constitutes a private nuisance which the owner of the easement is entitled to abate under the rules applicable to nuisances generally; in doing so he does not become a trespasser."

■ It is, of course, true that neither party to an easement may interfere with the rights of the other. The one who enjoys the easement must use it according to its terms; the one who has granted it must not interfere with the rights conferred. Schwartz v. Grossman, supra, 173 N.W.2d at 59, 60 and citations.

In the present case when plaintiffs refused to remove the obstructions which deprived defendants of full use and enjoyment of the easement, the defendants could rightfully remove the same, as long as they did no more than was necessary for that purpose and as long as they could accomplish it without breach of the peace. The evidence shows these conditions were fulfilled, and the trial court properly denied plaintiffs' claim for damages. See Dyer v. Compere, 41 N.M. 716, 73 P.2d 1356, 1359 (1937); cf. Agne v. Seitsinger, 104 Iowa 482, 485, 73 N.W. 1048, 1049 (1898).

■ IV. One other matter requires brief mention. Plaintiffs seek to rely on defendants' failure to file a verified claim as provided in section 614.24, The Code. The trial court found that matter had not been pled and was not an issue in the case. The trial court further found that statute was not applicable here and, even if it were, violation of its terms had not been shown.

Without expressing an opinion on the merits of the claim, we decline to review the question because it is not properly before us.

V. For the reasons heretofore stated, the judgment is affirmed.

Affirmed.